In the United States District Court
For the Southern District of Texas
Houston Division

| | | |
|---|---|---|
| **JMW Law Group, PLLC,** | § | |
| *Plaintiff,* | § § § | |
| v. | § § | Civil Action No. 4:19-cv-00099 |
| **Brandon Alexis Marquez,** | § § § | |
| *Defendant.* | § | Jury Demanded |

## MUTUAL COMPROMISE AGREEMENT AND RELEASE OF ALL CLAIMS

This Compromise Agreement and Release of All Claims ("Agreement") is made and entered into between Brandon Alexis Marquez ("Defendant") and JMW Law Group, PLLC ("Plaintiff"). This agreement is made effective as of the date of the last of the Parties' signatures below (the "Effective Date").

WHEREAS, there isa lawsuit now pending in the United States District Court for the Southern District of Texas in Civil Action No. 4:19-cv-00099 and styled JMW Law Group, PLLC v. Brandon Alexis Marquez (hereinafter referred to as the "Lawsuit");

WHEREAS, Defendant has (a) answered the Lawsuit and denies all allegations made against him in their entirety including the allegations that Plaintiff has made against Defendant that: (a) Defendant misrepresented himself as being a licensed attorney and eligible to practice law in Texas; (b) Defendant is or was a disgruntled, former employee of JMW Law Group, PLLC or that Defendant was ever an employee of JMW Law Group; and (c) Defendant stole client information from JMW Law Group, PLLC and (b) has moved to dismiss Plaintiff's claims pursuant to Chapter 27 of the Texas Civil Practice and Remedies Code and has requested that the Court award attorney's fees and costs against Plaintiff;

WHEREAS, Plaintiff and Defendant desire to bring the Lawsuit and any other potential legal proceedings to a conclusion between them, to compromise and settle all claims which have been asserted by Plaintiff or which could have been asserted by Plaintiff against the above Defendant, and to avoid the further cost and expense of litigation if the Lawsuit is not settled.

THEREFORE, Plaintiff and Defendant agree as follows:

1. <u>Definitions</u>.

    (a) "Claims" means all theories of recovery of whatever nature, whether known or unknown, and now recognized by the law or equity of any jurisdiction. This term includes causes of action, indebtedness, losses, claims, liabilities, and demands, whether arising in equity or

_____   _____   _____
JMW Law Group     J. Williams        B. Marquez

EXHIBIT A

under the common law or under any contract, ordinance or statute as amended. This term also includes Plaintiff's claim(s) against Defendant and any other claim(s) which could be alleged against the Defendant (as by Plaintiff in the Lawsuit, or by Plaintiff or any other individual or agency on their individual or collective behalf in any other lawsuit or action).

(b) "Damages" means all elements of relief or recovery of whatever nature, whether known or unknown, which are recognized by the law or equity of any jurisdiction. This term includes actual, incidental, indirect, consequential, compensatory, exemplary, and punitive damages; attorneys' fees; interest; costs; equitable relief; and expenses. This term also includes those damages Plaintiff sought, or could have sought, from Defendant in the Lawsuit, or by Plaintiff or any other individual or agency on their individual or collective behalf in any other lawsuit or action.

(c) "JMW Releasors" means and includes Joe Micah Williams, JMW Law Group, PLLC and any entities partly or wholly owned by Joe Micah Williams, and each of their past, present and future owners, subsidiaries, affiliates, related companies, and all of the foregoing entities' and persons' past, present and future directors, partners, officers, stockholders, employees, agents, insurance carriers, predecessors, successors, assigns, executors, administrators, trustees, fiduciaries, sponsors, attorneys and representatives in their corporate, representative and individual capacities.

(d) "Marquez Releasors" means and includes Brandon Alexis Marquez, any entities partly or wholly owned by Marquez, and each of their past, present and future owners, subsidiaries, affiliates, related companies, and all of the foregoing entities' and persons' past, present and future directors, partners, officers, stockholders, employees, agents, insurance carriers, predecessors, successors, assigns, executors, administrators, trustees, fiduciaries, sponsors, attorneys and representatives in their corporate, representative and individual capacities.

2. Obligations of the Parties; Releases.

(a) JMW Releasors hereby fully and forever release and discharge Marquez Releasors from all Claims and Damages, including those related to, arising from, or attributed to the Lawsuit and all other acts or omissions related to any matter at any time prior to and including the date of this execution of this Agreement, including for any act, event, occurrence, or omission to act, known or unknown, that occurred prior to the execution of this release by JMW Releasors.

(b) Marquez Releasors hereby release and discharge JMW Releasors from all Claims and Damages, including those related to, arising from, or attributed to the Lawsuit, and all other acts or omissions related to any matter at any time prior to and including the date of this execution of this Agreement, including for any act, event, occurrence, or omission to act, known or unknown, that occurred prior to the execution of this release by Marquez Releasors.

(c) No later than March 7, 2019, the Parties shall file a Joint, Agreed Motion to Dismiss With Prejudice all claims that the Parties to the Lawsuit made, or could have made, in the Lawsuit and request the Court's entry of an order dismissing the Lawsuit with prejudice in

JMW Law Group         J. Williams         B. Marquez

the form attached as Exhibit A hereto. A copy of this signed Agreement is to be filed with the Joint Motion to Dismiss with Prejudice as an Exhibit. Plaintiff and Defendant mutually agree that the federal court retains jurisdiction of this Lawsuit, subject to JMW Releasors' Motion to Remand, which may be re-urged as part of ancillary proceedings. The Parties agree to take any additional action required by the Court to secure the dismissal of the Lawsuit with prejudice.

3. <u>Warranties</u>. In consideration for the agreements contained herein, the Parties expressly warrant and represent:

(a) that they have carefully read and fully understand all of the provisions and effects of this Agreement, and have had the opportunity to thoroughly discuss all aspects of this Agreement with attorneys of their choosing;

(b) that they are voluntarily entering into this Agreement and have relied solely and completely upon their own judgment, the promises made herein, and the advice (if any) of their respective attorneys in deciding to enter into this Agreement;

(c) no other representations have been made concerning the terms or effects of this Agreement other than those expressly contained herein;

(d) they have executed all documents, or undertaken all actions necessary, to authorize each of them to enter into this Agreement and that the counter-party may rely upon any statements and representations made herein with respect to such authorizations; and

(e) they are sophisticated persons and/or entities, they are relying solely upon their own judgment and the advice, if any, of highly competent counsel in entering into this Agreement, and they expressly disclaim any reliance on any statements or representations by the other parties or their counsel except those which are specifically contained herein, and by including this language herein, the Parties intend to disclaim reliance to the full extent allowed by *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51 (Tex. 2008) and *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171 (Tex. 1997), and its progeny.

4. <u>Construction/Severability</u>. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. If any term, provision, covenant or remedy of this Agreement or the application thereof to any person or circumstances shall, to any extent, be construed to be invalid or unenforceable in whole or in part, then such term, provision, covenant or remedy shall be construed in a manner so as to permit its enforceability under the applicable law to the fullest extent permitted by law. In any case, the remaining provisions of this Agreement or the application thereof to any person or circumstances, other than those to which they have been held invalid or unenforceable, shall remain in full force and effect.

5. <u>Merger Clause/No Other Representations/Reliance</u>. This Agreement constitutes the entire agreement of the Parties with respect to the subject matter hereof, and supersedes any and all prior agreements between the Parties, and contains all of the covenants, promises, representations and agreements between the Parties with respect to the subject matter hereof. Each party to this Agreement acknowledges that no representation, inducement, promise or

| JMW Law Group | J. Williams | B. Marquez |
|---|---|---|

agreement, oral or written, has been made by any Party which is not embodied herein, and that no agreement, statement or promise relating to the subject matter hereof which is not contained or provided for, identified or referred to in this Agreement, shall be valid or binding. The Parties are relying solely upon the representations contained in this Agreement in deciding to execute this Agreement. Any modifications to this Agreement shall be effective only if it is in a writing that is signed by all Parties.

6. No Admission of Fault. This Agreement represents a compromise of contested claims and is made to avoid the expense and time of litigation. Neither the offer nor the acceptance of the terms and conditions of this Agreement, nor any other aspect of the compromise, represents an admission of liability or fault by any Party.

7. Successors and Assigns/No Third Party Beneficiaries. This Agreement shall inure to the benefit of and be binding upon the successors, assigns and representatives of the signatories hereto, as well as the heirs, administrators, executors and representatives of an individual signatories hereto. Except as expressly provided herein, the terms of this Agreement do not provide any right to any third party whatsoever, nor do they create any duty by the Parties to any third party.

8. Further Assurances. The Parties shall do all acts and execute and deliver all documents necessary, convenient or desirable to effectuate the terms and purposes of this Agreement, and agree to extend reasonable cooperation and to act at all times in good faith in executing any and all documents and in taking such additional actions as may be necessary or appropriate to give full force and effect to the terms and intent of this Agreement.

9. Choice of Law and Forum Selection Clause. This Agreement shall be interpreted and construed in accordance with and shall be governed by the laws of the State of Texas (without giving effect to principles of conflicts of law of Texas or any other jurisdiction) and, when applicable, the laws of the United States. Any action brought to enforce the terms of this Agreement shall be filed with a court of competent jurisdiction in the State or Federal Courts located in the County of Harris, Houston Texas.

10. Acknowledgment of Terms. The Parties hereby acknowledge that they have carefully read this Agreement; that they have had the opportunity for review and consult with their counsel, if any; that they fully understand final and binding effect of this Agreement; that neither party admits to any wrongdoing in connection with the other Party's allegations, the Lawsuit, or any other matter covered by the releases contained above; that this Agreement is intended as a compromise of all Claims and Damages that Plaintiff and Defendant have alleged, or may allege, against one another; that the only promises or representations upon which they are relying to sign this Agreement are those stated herein; that no money exchanged hands as part of this Agreement, and that they are signing this Agreement voluntarily.

11. Waiver. The failure of any party to enforce or to require timely compliance with any term or provision of this Agreement shall not be deemed to be a waiver or relinquishment of rights or obligations arising hereunder, nor shall this failure preclude the enforcement of any term or provision or avoid the liability for any breach of this Agreement.

_____  _____  _____
JMW Law Group              J. Williams                B. Marquez

12. <u>Construction</u>. This Agreement shall be deemed drafted equally by the parties. The language of this Agreement shall be construed as a whole and according to its fair meaning. No ambiguity in this instrument shall be construed or interpreted as against the preparer of this Agreement. The headings in this Agreement are for convenience and are not intended to affect construction or interpretation. This Agreement represents a compromise of disputed claims and is not to be construed as an admission, direct or indirect, against either Party. The plural includes the singular and the singular includes the plural; "and" and "or" are each used both conjunctively and disjunctively; "any" and "all" each mean "any and all"; "each" and "every" each mean "each and every"; and "including" and "includes" are each "without limitation."

13. <u>Execution</u>. It is acknowledged by the parties that this Agreement may be executed in several counterparts, all of which taken together shall constitute one single Agreement between the parties. The parties agree to execute any and all further documents as may be necessary to effectuate the terms and provisions of this Agreement, but this obligation shall not extend to any document that alters or amends the terms of this Agreement.

14. <u>Court Approval</u>. In the event that the entire Lawsuit is not dismissed with prejudice, this Agreement shall be deemed null and void with no effect on the Lawsuit whatsoever.

**[SIGNATURE PAGES TO FOLLOW]**

_____  _____  _____
JMW Law Group                    J. Williams                         B. Marquez

**JMW LAW GROUP, PLLC**

By: _____  Date: 3/6/19
Joe Micah Williams
Managing Member

### Acknowledgement

BEFORE ME, the undersigned authority, on this day personally appeared Joe Micah Williams, known by me to be the person whose name is subscribed to the foregoing instrument, and who acknowledged to me that he executed the same for and on behalf of JMW Law Group, PLLC for the purposes and considerations therein expressed.

SUBSCRIBED TO and SWORN TO before me this 6 day of March, 2019.

_____
Notary Public in and for
The State of Texas

[Notary seal: Julie Ngoc Vo, My Commission Expires 04/27/2023, ID No. 6809462]

**JOE MICAH WILLIAMS**

By: _____  Date: 3/6/19
Joe Micah Williams

### Acknowledgement

BEFORE ME, the undersigned authority, on this day personally appeared Joe Micah Williams, known by me to be the person whose name is subscribed to the foregoing instrument, and who acknowledged to me that he executed the same for the purposes and considerations therein expressed.

SUBSCRIBED TO and SWORN TO before me this 6 day of March, 2019.

_____
Notary Public in and for
The State of Texas

[Notary seal: Julie Ngoc Vo, My Commission Expires 04/27/2023, ID No. 6809462]

JMW Law Group          J. Williams          B. Marquez

**BRANDON MARQUEZ**

By: _Brandon Marquez_         Date: _3-7-19_
Brandon Marquez

## Acknowledgement

BEFORE ME, the undersigned authority, on this day personally appeared Brandon Marquez, known by me to be the person whose name is subscribed to the foregoing instrument, and who acknowledged to me that he executed the same for the purposes and considerations therein expressed.

SUBSCRIBED TO and SWORN TO before me this _7th_ day of _March_, 2019.

_[signature]_
Notary Public in and for
The State of _Texas_

JOSE L SANCHEZ
Notary ID #129752962
My Commission Expires
March 19, 2022

_[signature]_        _[signature]_        _[signature]_
JMW Law Group        J. Williams          B. Marquez

Page 7 of 7